## Case No. 17,892.

### WINTER et al. v. SIMONTON.

[2 Cranch, C. C. 585.] [1]

Circuit Court, District of Columbia. June 4, 1825.

COVENANT ON CHARTER-PARTY—BAIL FOR DEFEND-ANT'S APPEARANCE—PLAINTIFF'S AFFI-DAVIT—LIABILITY OF MARSHAL.

1. The authority of a justice of the peace, in one of the states, may be proved by parol.

2. An affidavit of the plaintiff's (written upon the back of a copy of the charter-party, and annexed to an account current which states the particular charge, with dates, &c., and averring that "there is now due and unpaid upon the original charter-party, of which the within is a true copy, $2,433.06. the whole amount of said charter being $3.212.96, of which $779.90 have been paid, agreeably to the account current by us signed and hereunto annexed, which exhibits the true and perfect state of the demand now existing between the said Simonton and ourselves") is sufficiently certain to hold the defendant to bail, in an action of covenant on the charter-party.

3. The marshal is bound to take sufficient bail for the appearance of the defendant, in all cases, except in the actions of trespass on the case mentioned in the 3d section of the Maryland act of 1715, c. 46, and he is the judge of its sufficiency.

4. That act does not include actions of covenant.

5. The marshal, being called upon by the court to bring before them any defendant arrested by him upon any original writ or mesne process. according to the tenor of his return, and, failing so to do, will, on motion, be amerced to the amount of the debt, or damages and costs, and judgment will be entered therefor, nisi, the second day of the next term.

Covenant on a charter-party. Upon the return of the capias ad respondendum, Mr. Key moved that the defendant might be permitted to appear without special bail. The affidavit was made in the state of Maine, before Eben Clapp, who calls himself a justice of the peace. Another person, who calls himself a notary-public and justice of the peace for the county of Lincoln, certified that the said Eben Clapp was a justice of the peace for the same county; but his certificate is dated one month before the date of the affidavit taken before Mr. Clapp.

Mr. Key, for defendant, objected that

there was no evidence of the authority of the justice to administer the oath, and cited the case of Smith v. Watson [Case No. 13,-124], in this court, at June term, 1806; 3 Whart. Dig. 50, tit. "Bail"; and Turner v. Fendall, 1 Cranch [5 U. S.] 117.

Before THE COURT decided upon this objection to the affidavit, the plaintiff produced a witness, (Geo. Sullivan, Esq.,) who proved the handwriting of the justice, and that he was acting as a justice of the peace, at Bath, in the county of Lincoln, in the state of Maine, where the affidavit was made.

Mr. Key then objected, that the affidavit was not sufficiently certain. It was written upon the back of a copy of the charter-party, upon which the suit was brought, and which was annexed to the plaintiffs' account current with the defendant. It was made by the plaintiffs, and stated "that there is now due and unpaid upon the original charter-party, of which the within is a true copy, twenty-four hundred and thirty-three dollars and six cents; the whole amount of said charter being thirty-two hundred and twelve dollars and ninety-six cents, of which seven hundred and seventy-nine dollars and ninety cents have been paid, agreeably to the account current by us signed and hereunto annexed, which exhibits the true and perfect state of the demand now existing between the said Simonton and ourselves," "and that the foregoing account current is just and true in all particulars." The affidavit ought to be as positive and direct as that required by the statute of 12 Geo. I. c. 29. But it is not positive. It says, "agreeably to the account current hereunto annexed." The account shows that the balance is carried to a new account which is not produced. It avers that the account exhibits the true state of the "demand" between them and the defendant, not the amount due. It does not state that any thing is due from the defendant, nor from anybody else, to the plaintiffs. Travers v. Hight [Case No. 14,151], in this court, at June term, 1812; Young v. Moriaty [Id. 18,167], at the same term; Bartleman v. Smarr [Id. 1,074], Dec. term, 1810; Welsh v. Hill, 2 Johns. 100.

THE COURT (MORSELL, Circuit Judge, doubting whether the affidavit was sufficiently certain) overruled the objections to the affidavit, and ruled the defendant to give special bail.

On a subsequent day (May 26th,) Mr. Barrell, for plaintiffs, moved the court to amerce the marshal, to the amount of the damages and costs, for not bringing in the defendant when called upon by the court, at the return of the capias. The damages, at the time of the arrest of the defendant, were not stated in, or upon, the writ; no declaration had been sent with the writ, and no affidavit filed to hold the defendant to spe-

cial bail; but while the defendant was in custody of the marshal, upon this writ, Mr. Barrell, the plaintiff's attorney, made this indorsement upon it: "Covenant on charter-party; damages, 4,000 dollars." The charter-party was not filed, but was produced by the plaintiff's attorney while the marshal had the defendant in custody, upon this writ, before one of the judges upon habeas corpus, and was shown to the marshal, to the judge, and to the defendant, who made no objection to it. The covenant was to pay $425 per month, to commence on the 7th of July, and to pay $600 on the arrival of the vessel at Havana. The judge ruled the defendant to give special bail; or rather, refused to discharge the defendant without special bail.

Mr. Barrell contended that the Maryland act of 1715, c. 46, § 3, applies only to actions of trespass on the case, where the damages are uncertain; and that in all other cases the marshal is bound to take full bail; and if he does not produce the body of the defendant, at the return of the writ, the court, upon motion, is bound, by the Maryland act of 1794, c. 54, § 2, to amerce him in the whole amount of the debt or damages, and costs.

Mr. Key, contra. The marshal can be amerced only $133⅓, or 8,000 pounds of tobacco, according to law, and the practice of this court, under the act of Maryland of 1715, c. 46. The statute of 12 Geo. I. c. 29, never was extended to Maryland, and the practice in that state, before that statute, and before the act of 1715 was settled, that the defendant might be held to bail, in all actions, without affidavit, and the sheriff was to take a bail-bond in 8,000 pounds of tobacco. The statute of 1715 speaks only of actions on the case; but the same practice previously prevailed in all actions. Actions of covenant are within the mischief of the act of 1715; which act recognizes the previous practice, and limits the amount of bail. Gorsuch v. Holmes, 4 Har. & McH. 54 (Judge Samuel Chase's opinion); Anon., Id. 159. By the English statute of 23 Hen. VI. c. 10, the sheriff was obliged to take a bail-bond in a reasonable amount, of which the sheriff was to judge. If he took a bail-bond, he was justified; if he did not, he was liable to an action for escape. The practice in Maryland, where there was no special order, before 1715, was to take a bail-bond for 8,000 pounds of tobacco. If the damages were not mentioned in the writ, and if no declaration was sent with the writ, in what amount was the marshal to take bail? How could he be safe against both plaintiff and defendant? In this case, the marshal took a bail-bond in $4,000, and has tendered it to the plaintiff's attorney, who refused to accept it.

Mr. Barrell, in reply, observed that the case cited from 4 Har. & McH. 159, was not upon a question of amercement, but upon a question of ruling bail. That if the marshal required excessive bail, the remedy of the party was by habeas corpus. He relied upon the positive requisition of the act of Maryland of 1794, c. 54, § 2, which gives the plaintiffs a right to judgment against the marshal for their whole amount of damages and costs, for not producing the body of the defendant upon the return of the writ.

CRANCH, Chief Judge. This is a motion to amerce the marshal to the full amount of damages and costs, for not bringing in the body of the defendant, according to the tenor of his return upon the capias ad respondendum. The action is for covenant broken, brought upon a charter-party, by which the defendant covenanted to pay to the plaintiffs $425 a month for the use of a vessel. At the time of the arrest of the defendant, no declaration was filed, nor any affidavit of debt, nor even an indorsement on the writ of the amount claimed; nor did the amount of damages claimed by the plaintiffs appear in the writ. The marshal took a bail-bond, in the penalty of $4,000, which he offered to assign to the plaintiffs before this motion was made. By the law of Maryland, 1794, c. 54, § 2, it is enacted, "that where any sheriff or coroner, being called upon, by order of the general court, or any county court, to bring before them any defendant or defendants before arrested by such sheriff or coroner, upon any original writ or mesne process, according to the tenor of his return, the court, on motion, shall cause such sheriff or coroner to be amerced to the amount of the debt or damages, and costs due from the defendant or defendants, to be ascertained by the oath of the plaintiff or plaintiffs, his, her, or their agent, factor, or attorney, and such other proof as the court may require, and shall and may enter judgment nisi, the second day of the next term thereafter, for the amount of the amercement aforesaid, in the name of the plaintiff or plaintiffs, and for his or their use, against such sheriff or coroner, which judgment shall be as valid and effectual as any judgment rendered upon any verdict of a jury." This act is peremptory, that the court shall cause the sheriff to be amerced to the amount of damages and costs.

But it is contended, on the part of the marshal, that the act of Maryland, 1715, c. 46, § 3, ought to be extended to actions of covenant, because they are within the same mischief. By that section it is enacted, "that in all actions of trespass on the case, where damages are laid to be above 4,000 pounds of tobacco, if no declaration be sent with the writ expressing the true cause of action, the sheriff shall not require a bail-bond exceeding the sum of 8,000 pounds of tobacco, although the damages be marked

on the writ for any greater sum whatso-ever." By the English statute of 23 Hen. VI. c. 10, sheriffs and all their ministers may deliver to bail or main-prize, upon sufficient surety, all persons arrested by writ, bill, or warrant in any personal action. Of the sufficiency of that surety, the sheriff was the judge. By the statute of 13 Car. II. st. 2, c. 2, the bail for appearance. shall not be bound in a penalty above 40, if the cause of action be not particularly expressed. Before that statute it might be in any sum the sheriff pleased. Day's Com. Dig. "Bail," p. 30, K, 4. But it appears by the cases cited by the counsel of the marshal, from 4 Har. & McH. 5, 159, that neither the statute of 13 Car. II. st. 2, c. 2, nor that of 12 Geo. I. c. 29, nor the subsequent statutes of George, were ever considered in force, or practised upon in Maryland. The present question, therefore, depends upon the statute of 23 Hen. VI. c. 10, and the Maryland acts of 1715, c. 46, § 3, and 1794, c. 54, § 2. By the statute of 23 Hen. VI. c. 10, if the sheriff return a cepi corpus, or reddidit se, he shall have his prisoner . at the return day, as before the act. And if he has not, he shall be amerced by the court, upon a rule given to bring in the body. Com. Atty. 311; Eterick v. Cowper, 1 Salk. 99; Day's Com. Dig. "Bail," K, 5. The first amercement was only 40s., but issues were from time to time subsequently increased, until they amounted to the debt or damages, and costs claimed by the plaintiff. This practice under the statute prevailed in Maryland before the year 1794, when the act was passed. making the amercement a direct remedy for the plaintiff, and authorizing the court to amerce the sheriff to the full amount of debt or damages and costs, in the first instance.

We are not informed of any case in Maryland, in which it has been decided that the statute of 1715, c. 46, § 3, comprehends actions of covenant, as well as actions of trespass on the case. The preamble of that section shows that the evil intended to be remedied, was the holding to bail in spiteful and malicious actions of trespass on the case, in which the plaintiffs laid their damages very high. The same cause of complaint was not very likely to exist in actions of covenant, because they must be brought upon the contract of the party, and it is therefore not probable that the legislature intended to extend the remedy to such actions. It is evident from that statute itself, that before that statute the sheriff was bound to take sufficient bail for the appearance of the defendant in all cases; and that he was the judge of its sufficiency. The act of 1794, c. 54, § 2, makes no exception in favor of actions of covenant, or any other action. and is peremptory upon the court. We think, therefore. that the marshal must be amerced to the amount of the damages due from the defendant to the plaintiffs.

THRUSTON, Circuit Judge, not having heard the argument, gave no opinion.